# United States District Court
## Southern District of Indiana

Laura A. Briggs,
Clerk of the Court

105 U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana
46204

210 Federal Building
Terre Haute, Indiana
47808

101 Northwest MLK Boulevard
Evansville, Indiana
47708

121 West Spring Street
New Albany, Indiana
47150

August 13, 2013



Clerk's Office, United States District Court
Attn: Brent Pacillas
312 North Spring Street, Room G-8
Los Angeles, CA 90012

RE:   USA v. ARSHAK PETROSYAN
OUR CAUSE: 1:11-cr-220-TWP-DKL-02
YOUR CAUSE: CR13-549-MMM

Dear Clerk:

Pursuant to 18:3605, the jurisdiction of the above named probationer is being transferred to your district.

Enclosed please find copies of the docket sheet, Indictment/Information, and Judgment.

Laura A. Briggs, Clerk

Deputy Clerk

CLOSED

# U.S. District Court
## Southern District of Indiana (Indianapolis)
### CRIMINAL DOCKET FOR CASE #: 1:11-cr-00220-TWP-DKL-2

Case title: USA v. VARDANIAN et al

Date Filed: 11/16/2011
Date Terminated: 10/02/2012

Assigned to: Judge Tanya Walton Pratt
Referred to: Magistrate Judge Denise K. LaRue

**Defendant (2)**
**ARSHAK PETROSYAN**
*TERMINATED: 10/02/2012*

represented by **Gregory A. Brand**
BRAND & MORELOCK
6 W. South Street
P.O. Box 6
Greenfield, IN 46140
(317)462-7787
Fax: 317-462-4535
Email: gbrand@bdemlawfirm.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1029A.F PRODUCES/TRAFFICS IN COUNTERFEIT DEVICE
(1)

**Disposition**

Defendant pled guilty as to Count 1. IMPRISONMENT: 12 months and 1 day. SUPERVISED RELEASE: 36 months. SA FEE: $100.00. RESTITUTION: $9,827.24.

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**

PRODUCES/TRAFFICS IN COUNTERFEIT DEVICE
(2)

FRAUD WITH IDENTIFICATION DOCUMENTS
(3)

**Disposition**

DISMISSED ON GOVERNMENT'S MOTION

DISMISSED ON GOVERNMENT'S MOTION

**Highest Offense Level (Terminated)**

Felony

**Complaints**

KNOWINGLY AND W/INTENT TO DEFRAUD BY USE OF A SCANNING DEVICE

**Disposition**

**Plaintiff**

USA     represented by   **Bradley Paul Shepard**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2400
Fax: (317) 226-6125
Email: brad.shepard@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 10/28/2011 | 6 | SCHEDULING ORDER as to ARSHAK PETROSYAN- Detention Hearing and prel examination set for 11/4/2011 01:30 PM in room #243, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Kennard P. Foster. Signed by Magistrate Judge Kennard P. Foster on 10/28/2011.(CBU) [1:11-mj-00632-KPF *SEALED*] (Entered: 10/31/2011) |
| 10/31/2011 | 8 | ARREST Warrant Returned by US Marshal. Executed on 10/28/2011 in case as to ARSHAK PETROSYAN. (CBU) [1:11-mj-00632-KPF *SEALED*] (Entered: 10/31/2011) |
| 11/04/2011 | 10 | NOTICE OF ATTORNEY APPEARANCE: Gregory A. Brand appearing for ARSHAK PETROSYAN (Retained). (CBU) [1:11-mj-00632-KPF *SEALED*] (Entered: 11/04/2011) |
| 11/04/2011 | 11 | MOTION to Continue and re-set detention hearing by ARSHAK PETROSYAN. (CBU) [1:11-mj-00632-KPF *SEALED*] (Entered: 11/04/2011) |
| 11/08/2011 | 16 | COURTROOM MINUTES for proceedings held before Magistrate Judge Kennard P. Foster: Probable Cause and Detention Hearing as to ARSHAK PETROSYAN held on 11/8/2011. Preliminary Examination waived and probable cause found. Detention Hearing held and defendant is ordered detained. Defendant ARSHAK PETROSYAN appears in person and by retained counsel Gregory Brand. Appearance for the USA by AUSA Brad Shepard. USPO represented by Dave Schoettmer and Matt Renshaw. Detention hearing |

| | | |
|---|---|---|
| | | held. Govt's exhibits 1a-14 are admitted. Govt's admitted exhibits 7-13c are sealed. Deft exhibits 1b-1d admitted. Defendant is remanded to custody of USM. (CBU) [1:11-mj-00632-KPF *SEALED*] (Entered: 11/09/2011) |
| 11/08/2011 | 17 | WAIVER of Preliminary Hearing by ARSHAK PETROSYAN (CBU) [1:11-mj-00632-KPF *SEALED*] (Entered: 11/09/2011) |
| 11/16/2011 | 20 | SEALED INDICTMENT as to ALBERT VARDANINAN (1) count(s) 1-2, 3; ARSHAK PETROSYAN (2) count(s) 1-2, 3. (JD) (Entered: 11/16/2011) |
| 11/16/2011 | 31 | NOTIFICATION of Assigned Judge, Automatic Not Guilty Plea, Trial Date, Discovery Order and Other Matters as to ARSHAK PETROSYAN Jury Trial set for 1/23/2012 09:00 AM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Signed by Judge Tanya Walton Pratt on 11/16/2011.(JD) (Entered: 11/16/2011) |
| 11/21/2011 | 32 | SCHEDULING ORDER - The trial by jury in this matter remains set for January 23, 2012 at 9:00 a.m. Accordingly, this matter is set for final pretrial conference on January 4, 2012 at 10:00 a.m. in Room 525, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana. Parties shall appear by counsel only. Signed by Judge Tanya Walton Pratt on 11/21/2011.(JD) (Entered: 11/21/2011) |
| 11/21/2011 | 33 | ENTRY FOR NOVEMBER 21, 2011 - To promote the orderly progression of this matter, the Court directs counsel for Defendant and the Assistant United States Attorney to confer and submit a joint scheduling order. The filing of the proposed scheduling order must occur no later than three weeks before the final pretrial conference. Signed by Judge Tanya Walton Pratt on 11/21/2011.(JD) (Entered: 11/21/2011) |
| 11/23/2011 | 34 | SCHEDULING ORDER as to ARSHAK PETROSYAN and ALBERT VARDANIAN- Initial Appearance on an Indictment set for 12/6/2011 01:30 PM in room #243, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Criminal Duty Judge. Signed by Magistrate Judge Denise K. LaRue on 11/23/2011.(CBU) (Entered: 11/23/2011) |
| 12/06/2011 | 36 | Arrest Warrant Returned by US Marshal. Executed on 12/2/2011 as to ARSHAK PETROSYAN. (JD) (Entered: 12/06/2011) |
| 12/06/2011 | 38 | COURTROOM MINUTES for proceedings held before Magistrate Judge Kennard P. Foster: Initial Appearance on Indictment held on 12/6/2011. Charges rights and penalties were read and explained. Parties ordered to meet and confer regarding disclosure of evidence on or before 12/23/2011. Defendant waived formal arraignment. Defendant ARSHAK PETROSYAN appears in person and by retained counsel Gregory Brand. Appearance for the USA by AUSA Brad Shepard. Deft was ordered detained on 11/8/2011 and that stands. Defendant is remanded to custody of USM. Govt orally moved to unseal file and same granted. Indictment unsealed as to ARSHAK PETROSYAN (CBU) (Entered: 12/07/2011) |
| 12/07/2011 | 39 | MOTION to Continue *TRIAL DATE* by USA as to ARSHAK PETROSYAN, ALBERT VARDANIAN. (Attachments: # 1 Text of Proposed Order)(Shepard, |

| | | |
|---|---|---|
| | | Bradley) (Entered: 12/07/2011) |
| 12/08/2011 | 40 | ORDER granting 39 Motion to Continue as to ALL DEFENDANTS - The January 23, 2012 trial date and the January 4, final pretrial are VACATED, and that the final pretrial is RESCHEDULED to commence on March 14, 2012 at 9:00 a.m. in Room 525 and the trial in this cause is RESCHEDULED to commence on March 26, 2012 at 9:00 a.m. in Room 344, U.S. Courthouse, 46 East Ohio St., Indianapolis, Indiana. Signed by Judge Tanya Walton Pratt on 12/8/2011.(JD) (Entered: 12/08/2011) |
| 12/08/2011 | 42 | ENTRY and ORDER of Detention Pending Trial in case as to ARSHAK PETROSYAN. Signed by Magistrate Judge Kennard P. Foster on 12/8/2011.(SWM) (Entered: 12/09/2011) |
| 02/27/2012 | 43 | MOTION to Continue *FINAL PRETRIAL CONFERENCE AND TRIAL DATE* by USA as to ARSHAK PETROSYAN, ALBERT VARDANIAN. (Attachments: # 1 Text of Proposed Order)(Shepard, Bradley) (Entered: 02/27/2012) |
| 03/01/2012 | 44 | ORDER granting 43 Motion to Continue as to ALBERT VARDANIAN (1), ARSHAK PETROSYAN (2) - The March 14, 2012 final pretrial conference and the March 26, 2012 trial date are VACATED. The final pretrial conference is RESCHEDULED for July 10, 2012 at 2:00 p.m. in Room 330. The jury trial is RESCHEDULED for July 23, 2012 at 9:00 a.m. in Room 344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Signed by Judge Tanya Walton Pratt on 3/1/2012.(JD) (Entered: 03/01/2012) |
| 05/29/2012 | 49 | PLEA AGREEMENT as to ARSHAK PETROSYAN (2). (JKS) (Entered: 05/29/2012) |
| 06/25/2012 | 51 | SCHEDULING ORDER as to ARSHAK PETROSYAN (2) - The final pretrial conference set July 10, 2012 and the jury trial set July 23, 2012 are hereby VACATED as to this Defendant only. A Change of Plea Hearing and Sentencing Hearing are now set on September 28, 2012, at 9:00 a.m., in Courtroom 344, Birch Bayh Federal Building and United States District Courthouse, 46 East Ohio Street, Indianapolis, Indiana. Signed by Judge Tanya Walton Pratt on 6/25/2012. cc: USM.(JD) (Entered: 06/25/2012) |
| 07/03/2012 | 52 | PETITION TO ENTER A PLEA OF GUILTY, filed by ARSHAK PETROSYAN. (Brand, Gregory) Modified on 7/9/2012 (JD). (Entered: 07/03/2012) |
| 07/06/2012 | 53 | REDACTION to 52 PETITION TO ENTER A PLEA OF GUILTY, filed by ARSHAK PETROSYAN. (Brand, Gregory) Modified on 7/9/2012 (JD). (Entered: 07/06/2012) |
| 09/21/2012 | 70 | PRETRIAL MEMORANDUM by ARSHAK PETROSYAN (Brand, Gregory) (Entered: 09/21/2012) |
| 09/24/2012 | 71 | ENTRY - The United States Probation Office has provided the Court with several letters in support of Defendant. The Clerk of the Court is directed to redact any personal identifiers pursuant to Federal Rule of Criminal Procedure 49.1, docket the letters, and forward a copy to counsel of record. Signed by |

| | | |
|---|---|---|
| | | Judge Tanya Walton Pratt on 9/24/2012. (JD) (Entered: 09/24/2012) |
| 09/24/2012 | 72 | Letters of Support as to ARSHAK PETROSYAN. (JD) (Entered: 09/24/2012) |
| 09/28/2012 | 73 | MINUTE ENTRY for Plea and Sentence Hearing held before Judge Tanya Walton Pratt on 9/28/2012 - Defendant ARSHAK PETROSYAN appears in person and by retained counsel Greogry A. Brand. Appearance for the USA by AUSA Brad Shepard. USPO represented by Stephanie Ivie. The Court advised Defendant of his rights. A stipulated factual basis was filed in open Court. Defendant entered a plea of guilty as to Count 1 of the Indictment. The Court found a factual basis for the plea and the plea is accepted by the Court. The parties were heard with respect to sentencing, and sentence was imposed as stated on the record. The Defendant was remanded to the custody of the United States Marshal. The Judgment is forthcoming. Signed by Judge Tanya Walton Pratt.(Court Reporter David Moxley) (JD) (Entered: 09/28/2012) |
| 09/28/2012 | 74 | FACTUAL BASIS of the Parties as to ARSHAK PETROSYAN. (JD) (Entered: 09/28/2012) |
| 10/02/2012 | 75 | MOTION to Dismiss *Counts 2 and 3* by USA as to ARSHAK PETROSYAN. (Attachments: # 1 Text of Proposed Order)(Shepard, Bradley) (Entered: 10/02/2012) |
| 10/02/2012 | 76 | ORDER granting 75 Motion to Dismiss Counts 2 and 3 as to ARSHAK PETROSYAN (2). Signed by Judge Tanya Walton Pratt on 10/2/2012.(JD) (Entered: 10/02/2012) |
| 10/02/2012 | 77 | JUDGMENT as to ARSHAK PETROSYAN (2) - Defendant pled guilty as to Count 1. IMPRISONMENT: 12 months and 1 day. SUPERVISED RELEASE: 36 months. SA FEE: $100.00. RESTITUTION: $9,827.24. Signed by Judge Tanya Walton Pratt on 10/2/2012. (JD) (Entered: 10/02/2012) |
| 10/03/2012 | 79 | Reassignment of Case to Magistrate Judge Denise K. LaRue. Magistrate Judge Kennard P. Foster no longer assigned to the case. Please include the new case number (1:11-cr-00220-TWP-DKL), which includes the initials of the newly assigned judge, on all future filings in this matter. (TMA) (Entered: 10/03/2012) |
| 10/26/2012 | 80 | Letter dated 10/23/2012 from ARSHAK PETROSYAN regarding status of paperwork sent to BOP. (JD) (Entered: 10/29/2012) |
| 05/10/2013 | 81 | Receipt - Defendants' exhibits entered into evidence on 11/08/11 disposed per attorney's direction. (TRG) (Entered: 05/10/2013) |
| 05/17/2013 | 82 | Receipt - Government's exhibits retrieved by USAO. (TRG) (Entered: 05/20/2013) |
| 07/08/2013 | 84 | USPO Request for Transfer OUT of Jurisdiction of SUPERVISED RELEASE to Central District of California, filed by Officer Bob Akers as to ARSHAK PETROSYAN. (Attachments: # 1 USPO Memorandum)(JD) (Entered: 07/10/2013) |
| 07/11/2013 | 86 | ORDER/ENTRY granting 84 Request for Transfer OUT of Jurisdiction of SUPERVISED RELEASE to Central District of California as to ARSHAK PETROSYAN (2). Signed by Judge Tanya Walton Pratt on 7/11/2013.(JD) |

| | | |
|---|---|---|
| | | (Entered: 07/11/2013) |
| 07/11/2013 | 87 | Letter to Central District of California Probation Office re 84 Transfer OUT of Jurisdiction of SUPERVISED RELEASE as to ARSHAK PETROSYAN. (JD) (Entered: 07/11/2013) |
| 08/12/2013 | 88 | TRANSFER OF JURISDICTION OF Supervised Release (OUT) to Central District of California as to ARSHAK PETROSYAN. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Attachments: # 1 Cover Letter)(JD) (Entered: 08/13/2013) |

Case #: 1:11-cr-00220-TWP-DKL-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2011 NOV 16 PM 1:49

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Cause No.: |
| ALBERT VARDANIAN, ) | -01 |
| & ) | |
| ARSHAK PETROSYAN, ) | -02 |
| Defendants. ) | 1:11-cr-0220 TWP-KPF |

### INDICTMENT

The Grand Jury charges that:

#### Definitions

1. An "access device" means any card, account number, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

2. A credit card, debit card, and/or account number are all access devices.

3. A "counterfeit access device" is any access device that is counterfeit, fictitious, altered, or forged.

4. "Card re-encoding" is a process where an individual uses some sort of an electronic device is used to reprogram the magnetic strip on the back of a credit card, debit card, or some other card with a magnetic strip. The electronic device overwrites the existing data in the magnetic strip with the account access information, including account number, of an account different than the one embossed on the front of the card.

5. A "scanning receiver" is a device or apparatus that can be used to intercept a wire or electronic communication in violation of the federal law concerning wire taps.

6. "Means of Identification" means any name or number that may be used, alone or in conjunction with any other information to identify a specific individual.

## COUNT ONE
### Possession of a Scanning Receiver - 18 U.S.C. § 1029(a)(8)

7. Paragraphs one through six are incorporated herein by reference.

8. On or about October 24, 2011, ALBERT VARDANIAN and ARSHAK PETROSYAN, defendants herein, in Hancock County, Indiana, within the Southern District of Indiana, did knowingly and with the intent to defraud use and/or possess one or more scanning receivers. All in violation of Title 18, United States Code, Sections 1029(a)(8) and (2).

## COUNT TWO
### Use of a Counterfeit Access Device - 18 U.S.C. § 1029(a)(1)

9. Paragraphs one through eight are incorporated herein by reference.

10. On or about October 23, 2011, ALBERT VARDANIAN and ARSHAK PETROSYAN, defendants herein, in Marion County, Indiana, within the Southern District of Indiana, did knowingly and with the intent to defraud use a counterfeit access device, to wit: an altered card which had been re-encoded with an access device (account number) of Victim One. All in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNT THREE
### Aggravated Identity Theft - 18 U.S.C. §§ 1028A(a)(1) and (c)(4)

11. Paragraphs one through ten are incorporated herein by reference.

12. On or about October 23, 2011, ALBERT VARDANIAN and ARSHAK PETROSYAN, defendants herein, in Marion County, Indiana, within the Southern District of

Indiana, during and in relation to the felony violation charged in Count Two of this Indictment, knowingly possessed and used, without lawful authority, a means of identification of another person, to wit: an altered card which had been re-encoded with a means of identification (name) of Victim One. All in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4), and 2.

A TRUE BILL:

███████████████

FOREPERSON

JOSEPH H. HOGSETT
United States Attorney

by: *[signature]*

Bradley P. Shepard
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | INDIANA |

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | |
| ARSHAK PETROSYAN | Case Number: 1:11CR00220-002 |
| | USM Number: 10357-028 |
| | Gregory A. Brand |
| | Defendant's Attorney |

**THE DEFENDANT:**

**X** pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count(s) |
| --- | --- | --- | --- |
| 18 U.S.C. § 1029(a)(8) | Possession of a Scanning Receiver | 10/24/11 | 1 |

    The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

**X** Count(s)  2 and 3   ☐ is  **X** are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 28, 2012
Date of Imposition of Judgment

*/s/ Tanya Walton Pratt*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

10/02/2012
Date

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _____
Deputy Clerk

Judgment — Page __2__ of __5__

DEFENDANT: ARSHAK PETROSYAN
CASE NUMBER: 1:11CR00220-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   12 months and 1 day

☐ The court makes the following recommendations to the Bureau of Prisons:

**X** The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __5__

DEFENDANT: ARSHAK PETROSYAN
CASE NUMBER: 1:11CR00220-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

|  |  | Judgment—Page 3.01 of 5 |
|---|---|---|
| DEFENDANT: | ARSHAK PETROSYAN | |
| CASE NUMBER: | 1:11CR00220-002 | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall provide the probation officer access to any requested financial information.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4. The defendant shall submit to the search (with the assistance of other law enforcement as necessary) of his person, vehicle, office/business, residence and property, including computer systems, peripheral devices, and any device capable of electronic data storage, as well as grant access to any Cloud storage to which the defendant may subscribe. The defendant shall submit to the seizure of contraband found. The defendant shall warn other occupants the premises may be subject to searches.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                           Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

Judgment — Page __4__ of __5__

DEFENDANT: ARSHAK PETROSYAN
CASE NUMBER: 1:11CR00220-002

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ | $ 9,827.24 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| Bank of the West | $47.47 | $47.47 | |
| Barclays Bank Delaware | $75.15 | $75.15 | |
| Capital One Bank | $7,818.60 | $7,818.60 | |
| Discover Financial Services | $523.45 | $523.45 | |
| JP Morgan Chase Bank | $703.95 | $703.95 | |
| U.S. Bank NA | $94.62 | $94.62 | |
| Wells Fargo NA | $564.00 | $564.00 | |
| **TOTALS** | $ 9,827.24 | $ 9,827.24 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

The defendant shall pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  X the interest requirement is waived for the   ☐ fine   X restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 5 of 5

DEFENDANT: XARSHAK PETROSYAN
CASE NUMBER: 1:11CR00220-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____, or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ G below; or

**B** **X** Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ G below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** **X** If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future.

**G** **X** Special instructions regarding the payment of criminal monetary penalties:

  Any unpaid restitution balance during the term of supervision shall be paid at a rate of not less than 10% of the defendant's gross monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**X** Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| Defendant Name | Case Number | Joint & Several Amount |
|---|---|---|
| Albert Vardanian | 1:11CR00220-001 | $9,827.24 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

**X** The defendant shall forfeit the defendant's interest in the following property to the United States:
all property seized by the government and outlined in the Plea Agreement.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.